## O'LEARY v. COE, Com'r of Patents.
### No. 66848.

District Court of the United States for the District of Columbia.

July 3, 1940.

William C. O'Leary pro se.

W. W. Cochran, of Washington, D. C., of United States Patent Office, for defendant.

MORRIS, District Judge.

This is a proceedings brought under Section 4915 of the United States Revised Statutes, 35 U.S.C.A. § 63. On December 1, 1934, the plaintiff filed in the United States Patent Office an application, designated as Serial No. 755,620, for the re-issue of patent No. 1,890,655, granted December 13, 1932, with respect to a vacuum wall receptacle. Claims 1 to 11, inclusive, 21, 22, 24 and 25 were allowed. Claims 12 to 20, inclusive, were cancelled. Claim 23 was rejected by the examiner and, on appeal, the Board of Ap-

peals affirmed the examiner's action and decision. Claim 23, here in controversy, reads as follows: "23. In a vacuum wall receptacle, a structure including a hollow space having opposed walls and sealed at its edge, means in said structure for maintaining said opposed walls in rigid spaced relation to each other and forming a hollow-wall, bracing means in said hollow space, said bracing means extending from one of said opposed walls to the other, means for the passage of air from said hollow space through one of said opposed walls into a vacuum pump connection and a substantially complete vacuum in said hollow space when the air is exhausted therefrom."

The critical part of the controversy here is that portion of the claim which provides for "a substantially complete vacuum in said hollow space when the air is exhausted therefrom." The reference relied upon in the Patent Office, in support of its rejection of this claim, is patent No. 762,178, issued to W. A. Macfadyen, June 7, 1904. Both the claim in controversy and the Macfadyen patent relate to a receptacle having its walls constructed, in part, of hollow units in which a high vacuum has been established. In lines 56 to 64, page 1, of the Macfadyen patent, it is stated that the transmission of heat "is minimized in proportion to the degree of completeness to which the vacuum has been produced."

The plaintiff insists that this disclosure in the Macfadyen patent does not mean the same thing as the disclosure respecting a "substantially complete vacuum," contained in his claim, for the simple reason that no adequate means of producing a "substantially complete vacuum" existed at the time the disclosure was made in the Macfadyen patent, while, as he insists, such new means, developed by the plaintiff, do now exist by which a "substantially complete vacuum" can be produced.

If the plaintiff has developed new means by which a "substantially complete vacuum" can be produced, or means by which a closer approach can be made to a complete vacuum than has heretofore been known to the art, upon proper application, he should receive, if he has not already received, protection of the patent laws for such invention. The development of such means, however, while it would serve to bring to a reality what

has heretofore been taught, would not in itself teach that the nearer an approach is made to a complete vacuum, the better is the insulation against heat. That fact is not only disclosed in the Macfadyen patent; it is generally recognized and known in the science of physics. The claim here involved does not disclose the means of obtaining such "substantially complete vacuum," and the claim that a "substantially complete vacuum" is a novel element in a refrigerating receptacle cannot be sustained.

I agree with the conclusions reached by the examiner and by the Board of Appeals. I find that the plaintiff is not entitled to the relief sought in the bill of complaint, and the same must be dismissed.